and, hence, stifles economic growth in the "deteriorated areas," which is inconsistent with the original purpose of the IDRPA and Ordinance 59.

Accordingly, I would reverse the decision of the Commonwealth Court.[9]

Justice CASTILLE joins this dissenting opinion.

828 A.2d 1066

**Andrew Edward BALINK, III, Appellant,**

**v.**

**Donna KNAPP, Appellee.**

Supreme Court of Pennsylvania.

Submitted March 6, 2003.

Decided July 22, 2003.

9. The Commonwealth Court is correct that, without applying the CLR to the calculation of the exemption, an assessed value of zero would result in every case, unless the construction costs exceed $400,000.00. However, this reasoning is not enough to overcome the fatal flaw of the argument made by the Assessment Board—there is nothing in the enabling legislation authorizing the use of the CLR in the calculation. Furthermore, I note that the exemption authorized by the IDRPA only lasts for three years and, thereafter, the properties become subject to taxation, just as other real estate.

100

### *ORDER*

PER CURIAM.

AND NOW, this 22nd day of July, 2003, the appeal is dismissed as having been improvidently granted.

828 A.2d 1066

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Rondu A. BETHEA, Appellee.**

Supreme Court of Pennsylvania.

Argued May 14, 2002.

Decided July 22, 2003.

